UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MENDEZ MARTINEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-08422-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On October 13, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order and a motion to appoint counsel. (Doc. Nos. 2, 3.) On October 15, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*) On October 19,

2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 7.) Respondent does not oppose the court ruling directly on the merits of the underlying petition based on the briefing presently before it (*id.* at 7), and the court will do so.

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States on an unknown date. (Doc. No. 7 at 8.) On or around January 26, 2015, petitioner was detained by U.S. Border Patrol and placed in removal proceedings. (*Id.* at 1.) On or around April 3, 2015, petitioner was released on bond. (*Id.* at 1–2.) Petitioner was re-detained by ICE on September 4, 2026, following a traffic stop. (*Id.* at 8.) It appears that petitioner was not arrested pursuant to a warrant and did not receive any pre-deprivation process, such as notice or an opportunity to be heard before he was re-detained.

Respondent concedes that "there are no facts to substantively distinguish this case from those identified in the Court's order" but argues that a bond hearing would be the appropriate remedy to determine petitioner's suitability for release "in light of [p]etitioner's criminal history." (*Id.* at 4.) The court does not find respondent's argument persuasive in this case.

"Petitioner obtained a liberty interest in his continued release following his release on bond." *Arevalo Roman v. Warden, California City Corr. Ctr.*, No. 1:26-cv-05695-DAD-AC, 2026 WL 2163600, at *3 (E.D. Cal. July 27, 2026). In light of petitioner's liberty interest in his continued release following his release on bond, the court incorporates and adopts the reasoning set forth in its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioners' immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Pedro Mendez Martinez, A-File No. 206-894-318, from respondent's custody on the

conditions, if any, he was subject to prior to his re-detention;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3. Petitioner's motion for appointment of counsel (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE